# Exhibit A

**HAINES LAW GROUP, APC**
Paul K. Haines (SBN 248226)
phaines@haineslawgroup.com
2155 Campus Drive, Suite 180
El Segundo, California 90245
Tel: (424) 292-2350
Fax: (424) 292-2355

**DAY BRYNE & MCINTOSH**
Jack Day (SBN 324516)
jack@dbm.law
Calvin Bryne (SBN 322272)
calvin@dbm.law
129 W. Wilson Street, Suite 105
Costa Mesa, CA 92627
Tel.: (949) 650-2827
Fax: (949) 722-1137

*Attorneys for Plaintiff*
*Blake Davila*

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
7/3/2025 9:09:17 AM

Clerk of the Superior Court
By B. Montijo ,Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN DIEGO**

BLAKE DAVILA, as an individual and on behalf of all others similarly situated,

Plaintiff,

vs.

BHI RESIDENTIAL LONG TERM CORPORATION, d/b/a SENTRAL, a Delaware corporation; and Does 1 through 20, inclusive,

Defendants.

Case No.: 25CU035383C

**CLASS ACTION COMPLAINT FOR:**

1. **Violation of the California Consumer Legal Remedies Act (Civ. Code §§ 1750 *et seq.*)**
2. **Unfair Competition (Bus. & Prof. Code §§ 17200 *et seq.*)**
3. **False Advertising (Bus. & Prof. Code §§ 17500)**
4. **Intentional Misrepresentation (Fraud)**
5. **Negligent Misrepresentation**
6. **Quasi-Contract**

**DEMAND FOR JURY TRIAL**

**UNLIMITED CIVIL CASE**

Plaintiff BLAKE DAVILA ("Plaintiff"), on behalf of himself and all others similarly situated, hereby brings this Class Action Complaint against Defendants BHI RESIDENTIAL LONG TERM CORPORATION, d/b/a SENTRAL, a Delaware corporation ("Sentral"); and Does 1 through 20, inclusive (collectively, "Defendants"), and on information and belief alleges as follows:

## INTRODUCTION

1. Price transparency is critical for the protection of California's consumers. Yet, in recent years, this fundamental principle has been eroded by businesses using artificially low headline prices to attract consumers only to later disclose additional hidden fees. Recognizing this issue, California enacted Senate Bill 478, known as the "Honest Pricing Law," which amended the California Consumer Legal Remedies Act to prohibit businesses from advertising prices that do not include all required fees or charges that a consumer will actually pay. Put simply, the law ensures that the price you see is the price you pay.

2. Sentral is a property management company that offers luxury rooms and apartments for short-term stays and longer-term rentals. Despite the widely-publicized enactment of the Honest Pricing Law, which came into effect on July 1, 2024, Sentral decided to ignore the law and continue to dupe consumers into paying unlawful hidden fees. Specifically, Sentral advertises its California locations using artificially low prices that do not include Sentral's hidden fees, which include Sentral's "Resort & Destination Fee," "Cleaning Fee," and "Residence Fee." Irrespective of whether a consumer chooses a short or long term stay, those fees are not included in the upfront price displayed to consumers. Sentral's practice constitutes a clear example of "drip pricing"—a predatory pricing scheme that is unlawful in California.

3. Plaintiff Blake Davila stayed at Sentral's San Diego location—Sentral Gaslamp Quarter ("Sentral Gaslamp")—from May 2, 2025 to May 4 2025. Sentral charged Plaintiff $50.00 in "resort fees" that were not displayed in the advertised price. Specifically, Plaintiff assessed displayed prices for Sentral using Sentral's website located at https://sentral.com. After selecting his preferred dates at Sentral Gaslamp, Plaintiff saw an advertised price of $250.00 per night. That advertised price did not include Sentral's $25.00 per night resort fee. Plaintiff paid

Sentral a total of $684.63 for his two-night stay, which included $50.00 in unlawful hidden fees.

4. Plaintiff brings this action on behalf of himself and all other similarly situated consumers who have incurred damages as a result of Sentral's violations of California's Consumer Legal Remedies Act, Unfair Competition Law, and False Advertising Law. Plaintiff brings further causes of action for negligent misrepresentation, intentional misrepresentation/fraud, and quasi-contract/restitution.

5. Plaintiff seeks an order compelling Sentral to (a) refrain from advertising its properties using pricing that is not inclusive of all fees, (b) disgorge all monies wrongfully obtained by Sentral, (c) pay restitution damages and punitive damages, as allowed by law, and (d) pay reasonable attorney fees and costs.

**PARTIES**

6. Plaintiff Blake Davila is an individual over the age of eighteen (18). At all relevant times herein, Plaintiff was and currently is, a California resident.

7. The proposed class includes consumers who, subsequent to July 1, 2024 and while in the State of California, purchased a room or apartment from Sentral and were charged any fees (excluding mandatory taxes) that were not included in the advertised price.

8. Defendant BHI RESIDENTIAL LONG TERM CORPORATION, d/b/a SENTRAL, is a Delaware corporation. Sentral is a property management company that provides apartments for short-terms stays and longer-term rentals. Sentral has California locations in San Jose, San Diego, and Los Angeles. On information and belief, Sentral's principal place of business is located at 1550 Larimer St, Suite 312, Denver, Colorado 80202.

9. Plaintiff does not know the names of Defendants Does 1-10 and sues them by fictitious names under Civ. Proc. Code § 474.

**JURISDICTION AND VENUE**

10. This Court has personal jurisdiction over Defendants. Defendants do business in California. Defendants advertise Sentral in California and provide a service to California's consumers. Due to Defendants' actions, Sentral has marketed and sold goods and services to consumers in California. As a result, California consumers have been harmed by Defendants.

11. Sentral is located in this County and Plaintiff's claims arise out of Sentral's contacts with this forum.

12. Venue is proper in this Court because Sentral advertises throughout California, including in San Diego County, and the Sentral property that Plaintiff stayed at is located in San Diego County.

## GENERAL FACTUAL ALLEGATIONS

**California's Honest Pricing Law.**

13. California's Honest Pricing Law was signed into law on October 7, 2023, and came into effect on July 1, 2024.

14. The law makes it illegal for businesses to advertise or list a price for a good or service that does not include all required fees or charges other than certain government taxes and shipping costs.

15. Per the guidance issued by the Office of the Attorney General on May 8, 2024, the purpose of the law is to prohibit businesses from advertising or listing a price that is less than what a customer will be eventually charged for that good or service. *See* **Exhibit A.** Plaintiff hereby incorporates by reference the FAQs that are attached to this Complaint as Exhibit A.

16. The new law—and the transparency that it requires—allows businesses to compete fairly on price and allows consumers to make accurate price comparisons.

17. The Honest Pricing Law does not determine or change what a business can charge for a good or service or even what may be included in that cost; a business can generally charge however much it wants and then provide a breakdown of the various fees that are included in its listed or advertised price. *Id.* But the law does require that the listed price include the *full amount* (excluding Government taxes) that a customer must pay for that good or service. *Id.*

18. A business is in violation of the Honest Pricing Law when it charges any additional fees that were not included in the advertised price. *Id.* Similarly, a business is in violation of the law when it lists a price and separately states that either an additional fee or additional percentage will be added later. *Id.*

19. Notably, a business is in violation of this law when it discloses additional required

fees before a consumer finalizes a transaction, but failed to include those fees in the upfront price—in other words, the practice of drip pricing is unlawful. *Id.* at 2. The price listed or advertised must be the full price that the consumer is required to pay. *Id.*

20. Finally, a business cannot exclude from the advertised or listed price mandatory charges that will be used to pay business costs, such as security, rent, salary, healthcare, or any other benefits to employees. *Id.* at 3.

21. Since the enactment of the law, the vast majority of businesses now include all fees or charges (excluding Government taxes) in the advertised price.

**Sentral's violation of the Honest Pricing Law.**

22. Sentral advertises prices for its rooms and apartments via Sentral's website, located at https://sentral.com. However, the advertised prices do not include Sentral's fees that consumers are required to pay to stay at Sentral's California locations.

Short Term Stays

23. Sentral offers short term stays at its San Diego and San Jose locations—Sentral Gaslamp and "Sentral Miro." Specifically, consumers can stay at Sentral Miro for a minimum of two nights, and Sentral Gaslamp location for a minimum of one night. Sentral markets its San Diego location as a "all-Studio hotel" and its San Jose location as a "cutting edge high-rise tower for stays 2+ nights. However, in advertising the prices for rooms at Sentral Gaslamp and Sentral Miro, Sentral misleads consumers by failing to include its "Resort & Destination Fee" in the advertised price.

24. The following example demonstrates the checkout process for Sentral Gaslamp. This example is representative of Sentral's checkout process for the relevant time period. When a consumer visits Sentral's website, located at https://sentral.com, the consumer can select from different locations, including Sentral Gaslamp and Sentral Miro. The screenshot below demonstrates what a consumer saw if the consumer selected a two-night stay from July 11, 2025 to July 13, 2025:

///

///




*Captured June 26, 2025*

25. As shown above, the consumer is presented with an advertised price of "from **$259** avg / night" for July 11, 2025 to July 13, 2025. However, once a consumer selects the "view rooms" button, it becomes apparent that Sentral's advertisement is false and misleading.

26. On the next page, which is demonstrated by the screenshot below, consumers are presented with 6 different room type options. The cheapest room option is listed at "$259 avg per night" and the most expensive option is listed at "307 avg per night." The screenshot below shows the $259 per night option:

///

///

///

///




*Captured June 26, 2025*

27. As shown above, the cheapest studio room does not cost $259 per night, as Sentral initially advertises. Specifically, the advertised cost of $259 per night *does not* include Sentral's "Resort & Destination Fee." Sentral's failure to incorporate that fee in the advertised price is a violation of the Honest Pricing Law, which requires inclusion of all fees in the advertised price. *See* **Exhibit A.**

28. Sentral's violation of the Honest Pricing Law is particularly egregious because the "Resort & Destination Fee," which amounts to $25.00 per night, is buried throughout the booking process. Specifically, the above screenshot demonstrates that Sentral shows a total amount of $659.05 on the page that follows the first advertised price that a consumer sees. But even on the page shown above, Sentral does not reveal that there is a "Resort & Destination Fee." Instead,

Sentral incorporates that fee under the umbrella of "taxes & fees," without identifying what those fees are. Because hidden fees are unlawful, a reasonable consumer would not expect that the $695.05 total displayed above would include a fee that was not displayed in the advertised price—i.e., a reasonable consumer would not anticipate that Sentral charges an unlawful hidden fee.

29. Even after reaching the final checkout page, where a consumer is invited to input personal information and complete the booking, the "Resort & Destination Fee" is hidden *again*. This time, the fee is hidden in a line item that must be actively expanded by a consumer to identify the unlawful fee:




*Captured June 26, 2025*

30. As demonstrated above, the hidden fee is buried in a "Taxes & Fees" line item that a consumer would not see unless the consumer clicks on the downward arrow next to the line item. It is only upon proactively clicking the downward arrow that a consumer reveals the existence of the hidden $25.00 per night fee:




*Captured June 26, 2025*

31. As noted above, a reasonable consumer would not expect that the "Taxes & Fees" section that required expansion would include a $50.00 fee that was not included in the advertised price. A reasonable consumer would expect that Sentral includes all fees in the advertised price of its rooms and apartments because that is what is required under California's law.

<u>Longer Term Rentals</u>

32. In addition to short terms stays at Sentral Gaslamp and Sentral Miro, Sentral offer consumers longer term stays at additional California locations. Specifically, Sentral offers stays at four locations in Los Angeles—Sentral DTLA 755, Sentral DTLA 732, Figueroa Eight, and Ten310—in addition to Sentral Miro.

33. The following example demonstrates the checkout process for Sentral DTLA 755. This example is representative of Sentral's checkout process for the relevant time period:

///




*Captured June 26, 2025*

34. As shown above, Sentral advertises rooms at Sentral DTLA 755 as "from $3,105 avg / month" for the dates July 1, 2025 to August 1, 2025. However, once a consumer selects the "view rooms" button, it becomes apparent that Sentral's advertised price is false and misleading.

35. Specifically, on the next page, Sentral lists four room types that are available from July 1, 2025 to August 1, 2025. The cheapest "studio apartment" is listed at "$3,105 avg per month" and the most expensive "2 Bedroom Premium Apartment with Den" is listed at "$5,805 avg per month":

///




*Captured June 26, 2025*

36. As with Sentral's short-terms options, the advertised price is false and misleading. The cheapest studio apartment option at Sentral DTLA 755 does not cost $3,105 per night, as Sentral advertises. The actual price displayed in the example above is $3,637.50. The advertised price does not include additional fees that Sentral decides to add on to a consumer's total. Sentral's failure to incorporate those fees in the advertised price is a violation of the Honest Pricing Law.

37. Additionally, as with the short-term options, the hidden fees are buried throughout the booking process. Even upon reaching the final checkout page, the fees are hidden in a "taxes & fees" line item that must be actively expanded by a consumer to identify the unlawful fees:

///




*Captured June 26, 2025*

///

///

///

///

///

///

38. As demonstrated above, the hidden fees are buried in the "Taxes & Fees" line item that a consumer would not see unless the consumer clicks on the downward arrow next to the line item. It is only upon clicking the downward arrow that a consumer can see the hidden fees, which in this instance amount to **$429.00** for Sentral's "Cleaning Fee" and "Residence Fee":




*Captured June 26, 2025*

39. A reasonable consumer would not expect that the "Taxes & Fees" section that required expansion would include a $429.00 in fees that was not included in the advertised price. A reasonable consumer would expect that Sentral includes all fees in the advertised price of its

rooms and apartments because that is what is required under California's law

40. Sentral is in violation of the Honest Pricing Law because the displayed price for Sentral's rooms and apartments must be the full price that a consumer is required to pay (excluding mandatory taxes). Sentral's "drip pricing" practice of excluding fees from the displayed price is unlawful. But Sentral's practice is particularly egregious because the fees are buried throughout the booking process to the extent that a consumer must actively dig for any fees to find them.

41. Sentral's practice is a profit maximizing scheme that is intentionally designed to mislead consumers. Sentral benefits at the expense of consumers' ability to make accurate price comparisons.

<u>Plaintiff's Stay at Sentral</u>

42. On or about May 1, 2025 Plaintiff accessed Sentral's website, located at https://sentral.com. Plaintiff then selected Sentral's San Diego location, Sentral Gaslamp, and input the dates for his stay—May 2, 2025 to May 4, 2025. After selecting his preferred dates at Sentral Gaslamp, Plaintiff saw an advertised price of $250.00 per night. That advertised price did not include Sentral's $25.00 per night resort fee. Plaintiff paid Sentral a total of $684.63 for his two-night stay. The total that Plaintiff paid included $50.00 in unlawful fees that were not displayed in the advertised price that he saw. The advertised price that Plaintiff saw played a substantial role in Plaintiff's decision to select Sentral. Plaintiff therefore suffered an economic injury of at least $50.00—i.e., the unlawful fee that was not included in the advertised price.

**Sentral's violation of the Honest Pricing Law misled reasonable consumers.**

43. Consumers were misled by Sentral's deceptive pricing scheme. Consumers were drawn in by Sentral's artificially low prices that did not include Sentral's hidden fees. Reasonable consumers would expect that Sentral's advertised prices would include all fees and charges (excluding mandatory taxes) because that is what the law requires. Reasonable consumers would also make purchasing decisions based on the prices that Sentral displays. In other words, consumers make price comparisons based on the upfront pricing displayed by Sentral. Customers of Sentral were therefore duped by Sentral's failure to include their fees in the advertised price of

rooms and apartments at Sentral's California locations.

44. Additionally, as demonstrated by the screenshots above, a consumer would have to seek out the fees to uncover their existence because they are concealed throughout the booking process and hidden in a "taxes & fees" line item at checkout that has to be actively expanded.

**Defendants are aware of Sentral's deceptive and misleading practices.**

45. The Honest Pricing Law was signed into law on October 7, 2023, and did not go into effect until July 1, 2024. Sentral thus had nearly nine months to modify its deceptive business practices before the law went into effect.

46. The Honest Pricing Law was widely reported on by mainstream news and media outlets in California, from the time it was signed into law to the time it went into effect.

47. On May 8, 2024, the Office of the Attorney General issued a set of Frequently Asked Questions ("FAQs") "to help businesses comply with this new law." *See* **Exhibit A.**

48. The FAQs included very clear guidance on what constitutes compliance and noncompliance with the law. *Id.* For example, the FAQs included sections on which businesses need to follow the law, what the new law requires, and what fees a business can or cannot charge under the law. *Id.* As a result of the FAQs, which were issued almost two months before the law came into effect and were well-publicized, Sentral was on notice of its obligations under the new law. *Id.*

49. Notwithstanding the ample time Sentral was given to bring its operations into conformity with the law and the clear guidance provided by the State of California, Sentral has opted to persist with its deceptive and unlawful practices and continue to profit from unsuspecting consumers.

50. Sentral's conduct is ongoing and continues to date, even though the new law has been in place for a year. Sentral's practice is also contrary to industry norms. Almost all hotels and property rental companies have either removed additional fees entirely or include fees in the advertised price.

///

///

## CLASS ACTION ALLEGATIONS

51. **Class Definitions:** Plaintiff brings this action on behalf of himself and all persons who, within the applicable statute of limitations period, purchased a room or apartment at one or more of Sentral's California locations and incurred fees that were not included in the displayed price (the "Class").

52. The following people are excluded from the proposed Class: (1) any Judge presiding over this action and the members of their family; (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and their current employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendants' counsel, and their experts and consultants; and (6) the legal representatives, successors, and assigns of any such excluded persons.

53. Plaintiff and the Class reserve their right to amend or modify the Class definitions with greater specificity or further division into subclasses or limitation to particular issues as discovery and the orders of this Court warrant.

54. **Numerosity/Ascertainability:** The members of the Class are so numerous that separate joinder of all members would be unfeasible and not practicable. The membership of the Class is unknown to Plaintiff currently; however, it is estimated that the size of the Class exceeds one hundred thousand (100,000) individuals. The identity of such membership is readily ascertainable via Defendants' sales records and/or the bank statements and receipts of the proposed Class.

55. **Common Questions of Law and Fact Predominate/Well Defined Community of Interest:** There are common questions of law and fact as to Plaintiff and all other similarly situated customers, which predominate over questions affecting only individual members including, without limitation to:

i. Whether Sentral charged consumers hidden fees;

ii. Whether Sentral complied with the Honest Pricing Law;

iii. Whether Sentral complied with California's Unfair Competition Law;

iv. Whether Sentral complied with California's False Advertising Law;

v. Whether Sentral's price listings constituted intentional and/or negligent misrepresentations;

vi. Whether Sentral was unjustly enriched as a result of its pricing practices;

vii. Damages due to reasonably compensate Plaintiff and the proposed Class.

56. **Predominance of Common Questions:** Common questions of law and fact predominate over questions that affect only individual members of the Class. The common questions of law set forth above are numerous and substantial and stem from Sentral's policies and/or practices applicable to each individual Class member. As such, the common questions predominate over individual questions concerning each individual Class member's showing as to his or her eligibility for recovery or as to the amount of his or her damages

57. **Typicality:** Plaintiff's claims are typical of the claims of the Class. Like the proposed Class, Plaintiff booked a stay at one of Sentral's California locations and incurred hidden fees that were not displayed in the advertised price. There are no conflicts of interest between Plaintiff and the class.

58. **Adequacy of Representation:** Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the members of the Class. Moreover, Plaintiff's attorneys are ready, willing, and able to fully and adequately represent the members of the Class and Plaintiff. Plaintiff's attorneys have prosecuted and defended numerous class actions in state and federal courts in the past and are committed to vigorously prosecuting this action on behalf of the members of the Class.

59. **Superiority:** A class action is superior to all other available methods for the fair and efficient adjudication of this litigation. Due to the nature of the trade and commerce involved, Plaintiff believes the total number of Class members is in the tens of thousands. It would be unduly burdensome to have individual litigation of such numerous individual claims in separate lawsuits, everyone one of which would present the issues presented in this lawsuit. Further, the prosecution of separate actions by the individual Class members, even if possible, would create a substantial

risk of inconsistent or varying verdicts or adjudications with respect to the individual Class members against Defendants herein; and which would establish potentially incompatible standards of conduct for Defendants; and/or legal determinations with respect to individual class members which would, as a practical matter, be dispositive of the interest of the other class members not parties to adjudications or which would substantially impair or impede the ability of the class members to protect their interests. Further, the claims of the individual members of the Class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses attending thereto. As such, the Class identified herein is maintainable under Section 382 of the Code of Civil Procedure.

**FIRST CAUSE OF ACTION**

**Violation of the California Consumer Legal Remedies Act**

**Civ. Code §§ 1750 *et seq*.**

**(By Plaintiff and Class against all Defendants)**

60. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

61. Plaintiff brings this cause of action on behalf of himself and members of the Class.

62. Plaintiff and Class members are "consumers" under Cal. Civ. Code § 1761(d).

63. Each sale by Sentral was a "transaction" under Cal. Civ. Code § 1761(e).

64. Sentral's rooms and apartments are "goods" or "services" under Cal. Civ. Code §§ 1761(a) and 1761(b).

65. Venue is proper under Cal. Civil Code § 1780(d) because Sentral does business in this county and Sentral Gaslamp is located in this county. Plaintiff's declaration establishing that this Court is a proper venue for this action is attached hereto as **Exhibit B.**

66. Sentral has violated California Civil Code section 1770(a)(29), also known as the Honest Pricing Law.

67. As alleged more fully above, Sentral advertised prices that did not reflect the entire price that Plaintiff and other Class members were required to pay to rent a room or apartment at Sentral (excluding exempt mandatory taxes).

68. Sentral's practice was particularly egregious and misleading because Sentral

buried the fees throughout the booking process. A consumer would not see the hidden fees unless the consumer actively looked for them by expanding the "taxes and fees" line item on the final payment and confirmation page. This second layer of deception would mislead consumers who would expect Sentral to be operating in compliance with the law.

69. Plaintiff and other Class members reasonably relied on Sentral's advertised prices. Specifically, Plaintiff and other Class members reasonably believed that the advertised prices for rooms at Sentral included all required fees or charges (excluding exempt mandatory taxes).

70. Plaintiff and other Class members purchased rooms or apartments at Sentral in substantial part due to Sentral's price misrepresentations. Specifically, Plaintiff and other Class members made purchasing decisions based on the false prices displayed by Sentral. Sentral's misrepresentations inhibited Plaintiff's and Class Members' ability to make accurate price comparisons—they relied on the advertised prices that they saw being the accurate prices of rooms and apartments at Sentral.

71. Class-wide reliance can be inferred because Sentral's misrepresentations were material, *i.e.*, a reasonable consumer would consider the price of a hotel room or apartment important in deciding whether to purchase said hotel room or apartment.

72. Sentral's price misrepresentations were a substantial factor and proximate cause in the resulting damages and losses to Plaintiff and other Class members.

73. Plaintiff and each Class member suffered injury amounting to no less than the unlawful fee(s) that Sentral unlawfully failed to display in the advertised price of rooms and apartments at Sentral.

74. Plaintiff and Class members were injured as a direct and proximate result of Sentral's conduct.

75. Sentral's pricing practices should be enjoined due to their misleading and deceptive nature. Without injunctive relief, Sentral will continue to charge consumers unlawful hidden fees that are not included in the prices that Sentral advertises. Plaintiff seeks public injunctive relief, under the CLRA, to protect the general public from Sentral's predatory pricing practices.

76. In accordance with California Civil Code § 1782(a), on May 28, 2025, Plaintiff's counsel served Sentral with notice of Sentral's CLRA violations by certified mail, return receipt requested. Plaintiff served a copy to both Sentral's corporate office and Sentral Gaslamp. The CLRA notification letters arrived at Sentral Gaslamp on May 30, 2025, and at Sentral's corporate office on May 31, 2025. Defendants failed to provide appropriate relief for their CLRA violations within 30 days of receipt Plaintiff's notification letter. Specifically, Defendants did not respond to Plaintiff's letter and have not changed their deceptive pricing practices or refunded Plaintiff or other similarly situated consumers. Thus, Plaintiff brings this action on behalf of other consumers similarly situated and seeks compensatory and exemplary damages, as well as attorney fees, as permitted by California Civil Code §§ 1780 and 1782(b).

**SECOND CAUSE OF ACTION**

**Violations of the Unfair Competition Law**

**Cal. Bus. & Prof. Code §§ 17200 *et seq*.**

**(By Plaintiff and Class against all Defendants)**

77. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

78. Plaintiff brings this cause of action on behalf of himself and members of the Class.

79. California's Unfair Competition Law, Business and Professions Code §§17200 *et seq*. (the "UCL") prohibits any "unfair, deceptive, untrue or misleading advertising." For the reasons discussed above, Sentral has engaged in unfair, deceptive, untrue and misleading advertising, and continues to engage in such business conduct, in violation of the UCL.

80. The UCL proscribes acts of unfair competition, including "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200.

**Fraudulent**

81. A statement or practice is "fraudulent" under the UCL if it is likely to mislead or deceive the public, applying an objective reasonable consumer test.

82. As set forth herein, Sentral's advertisements misled reasonable consumers to believe that Sentral's rooms and apartments are sold for a price lower than the actual price

charged by Sentral.

83. Sentral's conduct caused and continues to cause substantial injury to Plaintiff and the other Class members. Plaintiff has suffered injury in fact as a result of Sentral's unfair conduct. Specifically, Plaintiff paid $50.00 in unlawful "resort fees" that were not displayed in the advertised price.

84. Sentral has thus engaged in unlawful, unfair and fraudulent business acts and practices and false advertising, entitling Plaintiff and the Class to public injunctive relief against Sentral, as set forth in the Prayer for Relief.

85. Pursuant to Business and Professions Code § 17203, Plaintiff and the Class seek an order requiring Sentral to immediately cease such acts of unlawful, unfair and fraudulent business practices.

86. Plaintiff also seeks an order for the disgorgement and restitution of profits received from Sentral's sale of hotel rooms and apartments, which were unjustly acquired through acts of unlawful, unfair, and/or fraudulent competition, as well as attorneys' fees and costs.

**Unlawful**

87. The acts alleged herein are "unlawful" under the UCL insofar as they give rise to the claims asserted in this Complaint.

88. Plaintiff and the Class reserve the right to allege other violations of law, which constitute other unlawful business acts or practices.

**Unfair**

89. Sentral's acts, omissions, misrepresentations, practices and nondisclosures as alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL in that their conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct. In the alternative, Sentral's business conduct as described herein violates relevant laws designed to protect consumers and business from unfair competition in the marketplace.

90. Sentral's conduct with respect to the advertising and sale of hotel rooms and

apartments is also unfair because it violates public policy as declared statutory and regulatory provisions, including but not limited to the Consumers Legal Remedies Act and the False Advertising Law.

91. Sentral's conduct with respect to the pricing, advertising, sale of hotel rooms and apartments was and is unfair because the consumer injury was substantial, not outweighed by benefits to consumers or competition, and not one consumers themselves could reasonably have avoided.

92. Sentral profited from the sale of falsely, deceptively, and unlawfully advertised hotel rooms and apartments to unknowing consumers.

93. Plaintiff and Class Members are likely to continue to be damaged by Sentral's deceptive trade practices, because Sentral continues to display misleading advertising information. Thus, public injunctive relief enjoining Sentral's deceptive practices is proper.

94. There were reasonably available alternatives to further Sentral's legitimate business interests, other than the deceptive conduct described herein.

95. Plaintiff and other Class members made purchasing decisions based on the upfront prices displayed by Sentral. Plaintiff and other Class members reasonably expected that the prices displayed by Sentral included all required fees or charges (excluding exempt mandatory taxes).

96. As explained above, Sentral buried the fees throughout the booking process such that consumers would have to actively seek out the concealed fees on the final payment and confirmation page to identify them.

97. Class-wide reliance can be inferred because Sentral's misrepresentations were material, *i.e.*, a reasonable consumer would consider the price of a hotel room or apartment important in deciding whether to purchase said hotel room or apartment. Sentral's misrepresentations inhibited Plaintiff's and Class Members' ability to make accurate price comparisons—they relied on the advertised prices that they saw being the accurate prices of rooms and apartments at Sentral.

98. Sentral's misrepresentations were a substantial factor and proximate cause in the resulting damages and losses to Plaintiff and Class members. Plaintiff and Class members suffered

tangible economic harm as a result of Defendants' misrepresentations.

99. Plaintiff and each Class member suffered injury amounting to no less than the unlawful fee(s) that Sentral unlawfully failed to display in the advertised price of rooms and apartments at Sentral.

100. Plaintiff and Class members were injured as a direct and proximate result of Sentral's conduct.

**THIRD CAUSE OF ACTION**

**Violation of California's False Advertising Law**

**Bus. & Prof. Code §§ 17500**

**(By Plaintiff and Class against all Defendants)**

101. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

102. Plaintiff brings this cause of action on behalf of himself and members of the Class.

103. Sentral has violated section 17500 of the Business and Professions Code by disseminating untrue and misleading advertisements to Plaintiff and Class members.

104. As alleged more fully above, Sentral advertised prices for hotel rooms and apartments at Sentral that did not reflect the actual prices that Plaintiff and Class members were required to pay. In other words, the prices advertised by Sentral were not Sentral's actual prices. Accordingly, Sentral's representations about its prices were untrue and misleading.

105. Sentral's misrepresentations were intended to induce reliance, and Plaintiff saw, read, and reasonably relied on the statements when purchasing hotel room at Sentral Gaslamp. Sentral's misrepresentations were a substantial factor in Plaintiff's purchase decisions. Specifically, Plaintiff and other Class members made purchasing decisions based on the prices displayed by Sentral.

106. As explained above, Sentral buried the fees throughout the booking process such that consumers would have to actively seek out the concealed fees on the final payment and confirmation page to identify them.

107. Class-wide reliance can be inferred because Sentral's misrepresentations were material, i.e., a reasonable consumer would consider the price of a hotel room or apartment

important in deciding whether to purchase said hotel room or apartment.

108. Sentral's misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and the Class.

109. Plaintiff and each Class member suffered injury amounting to no less than the unlawful fee(s) that Sentral unlawfully failed to display in the advertised price of rooms and apartments at Sentral.

110. Plaintiff and Class members were injured as a direct and proximate result of Sentral's conduct.

**FOURTH CAUSE OF ACTION**

**Intentional Misrepresentation (Fraud)**

**(By Plaintiff and Class against all Defendants)**

111. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

112. Plaintiff brings this cause of action on behalf of himself and members of the Class.

113. As alleged more fully above, Sentral made false representations and material omissions of fact to Plaintiff and Class members concerning the price of hotel rooms and apartments at Sentral.

114. Those representations were false because the advertised price did not constitute the full price (excluding Government taxes) that a consumer was required to pay to complete the booking.

115. Sentral had a legal duty under California law to include all fees in the prices that it advertised.

116. When Sentral made the misrepresentations, they knew that they were false at the time that they made them and/or acted recklessly in making the misrepresentations. Specifically, Sentral knew that the prices they advertised were not the true prices of Sentral's rooms or apartments.

117. As explained above, Sentral buried the fees throughout the booking process such that consumers would have to actively seek out the concealed fees on the final payment and confirmation page to identify them.

118. Sentral intended that Plaintiff and Class members rely on these representations and Plaintiff and Class members read and reasonably relied on them. In other words, Sentral intended to attract consumers by listing lower prices than a consumer would actually have to pay to stay at Sentral. Sentral engaged in this deceptive pricing practice to increase their profits.

119. Plaintiff saw, read, and reasonably relied on the statements when purchasing a hotel room at Sentral Gaslamp.

120. Sentral's misrepresentations were a substantial factor in Plaintiff's purchase decisions. Specifically, Plaintiff and other Class members made purchasing decisions based on the prices displayed by Sentral. In addition, Class-wide reliance can be inferred because Sentral's misrepresentations were material, i.e., a reasonable consumer would consider the price of hotel rooms and apartments important in deciding whether to purchase said hotel room and apartments.

121. Sentral's misrepresentations were a substantial factor and proximate cause in the resulting damages and losses to Plaintiff and Class members.

122. Plaintiff and each Class member suffered injury amounting to no less than the unlawful fee(s) that Sentral unlawfully failed to display in the advertised price of rooms and apartments at Sentral.

123. Plaintiff and Class members were injured as a direct and proximate result of Sentral's conduct.

**FIFTH CAUSE OF ACTION**

**Negligent Misrepresentation**

**(By Plaintiff and Class against all Defendants)**

124. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

125. Plaintiff brings this cause of action on behalf of himself and members of the Class.

126. As alleged above, Sentral made false representations and material omissions of fact to Plaintiff and Class members concerning the price of hotel rooms and apartments at Sentral.

127. Sentral's representations were false because the advertised price did not constitute the full price (excluding Government taxes) that a consumer was required to pay to complete the booking—i.e., Sentral did not include all fees in its advertised prices.

128. When Sentral made the misrepresentations, they knew or should have known that they were false. Sentral had no reasonable grounds for believing that these representations were true when made because Sentral knew that its advertised prices did not include all fees.

129. As explained above, Sentral buried the fees throughout the booking process such that consumers would have to actively seek out the concealed fees on the final payment and confirmation page to identify them.

130. Sentral intended that Plaintiff and Class members rely on these representations and Plaintiff and Class members read and reasonably relied on them. In other words, Sentral intended to attract consumers by listing lower prices than a consumer would actually have to pay to stay at Sentral. Sentral engaged in this deceptive pricing practice to increase their profits.

131. Plaintiff saw, read, and reasonably relied on the statements when purchasing a room at Sentral Gaslamp.

132. Sentral's misrepresentations were a substantial factor in Plaintiff's purchase decisions. Specifically, Plaintiff and other Class members made purchasing decisions based on the prices displayed by Sentral, which did not include Sentral's hidden fees.

133. In addition, Class-wide reliance can be inferred because Sentral's misrepresentations were material, i.e., a reasonable consumer would consider the price of hotel rooms and apartments important in deciding whether to purchase said hotel room and apartments.

134. Sentral's misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and Class members.

135. Plaintiff and each Class member suffered injury amounting to no less than the unlawful fee(s) that Sentral unlawfully failed to display in the advertised price of rooms and apartments at Sentral.

136. Plaintiff and Class members were injured as a direct and proximate result of Sentral's conduct.

///

///

///

**SIXTH CAUSE OF ACTION**

**Quasi-Contract**

**(By Plaintiff and Class against all Defendants)**

137. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

138. Plaintiff brings this cause of action on behalf of himself and all members of the Class.

139. Sentral has been unjustly enriched by improperly charging Plaintiff and Class members unlawful hidden fees.

140. Sentral was directly and unjustly enriched because they induced consumers to stay at Sentral through deceitful pricing and advertising, as described above.

141. Plaintiff and each Class member suffered injury amounting to no less than the unlawful fee(s) that Sentral unlawfully failed to display in the advertised price of rooms and apartments at Sentral.

142. Plaintiff and Class members were injured as a direct and proximate result of Sentral's conduct.

143. Restitution is required in California when a defendant is unjustly enriched at the expense of another. Accordingly, Plaintiff and Class members seek restitution of all amounts that Sentral improperly charged them. Plaintiff also seeks prejudgment interest, costs, and attorneys' fees.

**PRAYER**

WHEREFORE, Plaintiff prays for judgment for himself and for all others on whose behalf this suit is brought against Defendants, as follows:

1. For an order certifying the proposed Class;
2. For an order appointing Plaintiff, Blake Davila, as representative of the Class;
3. For an order appointing counsel for Plaintiff as counsel for the Class;
4. For a judgement in favor of Plaintiff and the proposed Class;
5. For an order enjoining Defendants from advertising Sentral's goods and services using pricing that is not inclusive of all fees costs;

6. Damages, treble, damages, and punitive damages where applicable;

7. Restitution;

8. Disgorgement, and other just equitable relief;

9. Pre- and post-judgment interest;

10. For attorneys' fees and costs as provided by Code of Civil Procedure § 1021.5 and Cal. Civ. Code § 1780; and

11. For such other and further relief the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial with respect to all issues triable by jury.

Dated: July 3, 2025

Respectfully submitted,

Jack Day

**HAINES LAW GROUP, APC**
**DAY BRYNE & MCINTOSH**
*Attorneys for Plaintiff and the Proposed Class*

# Exhibit A

CALIFORNIA DEPARTMENT OF JUSTICE
OFFICE OF THE ATTORNEY GENERAL

# SB 478
# FREQUENTLY ASKED QUESTIONS

Beginning July 1, 2024, the "Honest Pricing Law" or "Hidden Fees Statute," SB 478, makes it illegal for businesses to advertise or list a price for a good or service that does not include all required fees or charges other than certain government taxes and shipping costs. SB 478 is a price transparency bill. The statute does not change what price a business can charge or what may be included in that cost. The law simply requires that the price listed include all mandatory charges.

Put simply, ***the price a Californian sees should be the price they pay.***

In order to help businesses comply with this new law, and to offer consumers guidance about what they can expect, the Attorney General's Office is releasing a set of FAQs. The law is found at Section 1770(a)(29) of the California Civil Code.

## What is the purpose of this law?

The law is "intended to specifically prohibit drip pricing, which involves advertising a price that is less than the actual price that a consumer will have to pay for a good or service." Advertising or listing a price that is less than what a consumer will eventually be charged is a form of deceptive advertising that also violates existing state and federal law. Truthful price advertising and listing helps businesses compete fairly on price and allows consumers to make accurate price comparisons.

## What does the new law require?

The law requires honest pricing. It prohibits businesses from "[a]dvertising, displaying, or offering a price for a good or service that does not include all mandatory fees or charges" other than government-imposed taxes or fees or reasonable shipping costs. The text of the law can be found at section 1770(a)(29) of the California Civil Code.

## What can a business exclude from the advertised price under this law?

The listed or advertised price does not need to include taxes and/or fees that the government imposes on the transaction, such as sales tax. In addition, the listed or advertised price does not need to include reasonable shipping costs for physical goods.

## Which businesses need to follow this law?

The law applies to the sale or lease of most goods and services that are for a consumer's personal use. For example, it applies to event tickets, short-term rentals, hotels, restaurants, and food delivery, just to name a few prominent industries. The law does not apply to the purchase or lease of goods or services for commercial use, or to certain other specified transactions and industries that are already subject to other laws governing pricing.

## Does the law limit how much a business can charge for a good or service?

No. SB 478 is a transparency law – not a price control law. A business is generally free to charge whatever amount it wants for a good or service, to provide a subsequent breakdown of the various fees or charges that are included in its listed or advertised price, and to tell the consumer about those fees and charges. But the posted price must include all amounts that the consumer will be required to pay.

### Does the new law limit what types of fees a business can charge?

No. A business is generally free to charge however much it wants and can then provide a breakdown of the various fees that are included in its listed or advertised price. But the posted price must include the full amount that a consumer must pay for that good or service.

### Can a business exclude shipping and handling charges from its advertised price?

A business can exclude shipping charges, but not handling charges. In the words of the statute, a business can exclude from its advertised price "[p]ostage or carriage charges that will be reasonably and actually incurred to ship the physical good to the consumer." Like any other mandatory fee or charge, a *handling* charge must be included in the advertised price.

### Do fees for optional services or features need to be included in the advertised price?

No. Fees for optional services or features do not need to be included in the advertised price.

### What about separate fees like late fees for equipment rentals, charges for smoking in a hotel room, or similar charges? Are those prohibited?

The law requires mandatory fees to be included in advertised prices. Fees that are contingent on certain later conduct by a consumer, such as a fee for returning rented equipment after the deadline to do so, or charges for smoking in a non-smoking hotel room, are not mandatory and do not need to be included in the advertised price.

### Can a business comply with this law by disclosing additional required fees before a consumer finalizes a transaction?

No. The price listed to the consumer must be the full price that the consumer is required to pay.

### Can a business comply with this law by advertising a price that is less than what a consumer will actually have to pay, but disclosing that additional fees will be added?

No. The price advertised to the consumer must be the full price that the consumer is required to pay.

### Can a business comply with this law by listing or advertising one price and separately stating that an additional percentage fee will apply?

No. The price listed or advertised to the consumer must be the full price that the consumer is required to pay.

### Can a business comply with this law by advertising the total price for a good or service and separately noting that the total price includes certain fees and charges?

Yes. The price advertised to the consumer must be the full price that the consumer is required to pay. But the law does not limit a merchant's ability to include fees or charges in that total price, or to tell consumers that its prices include those fees or charges.

### Does this law prohibit a business from advertising one price and adding a variable service fee later in the transaction?

Yes. The price listed or advertised to the consumer must be the full price that the consumer is required to pay.

## What if a business doesn't know how much it will charge a customer?

If a business chooses to list a price for a good or service, the advertised price must be the entire amount the consumer will have to pay, not including any fees for optional services or features, taxes, or shipping charges. Businesses that do not know how much they will charge a customer at the beginning of a transaction should wait to display a price until they know how much they will charge. Businesses should be aware that other state and federal laws prohibit certain forms of price discrimination.

## How can a food-delivery platform advertise its delivery price?

Food delivery platforms are subject to special requirements under Business and Professions Code section 22598 et seq. when they list the prices charged by a restaurant from which they deliver food, and this law does not change those requirements. But when the food delivery platform advertises the price of the delivery service that it provides, it must advertise the full, all-in price of the delivery service.

## Are fees associated with delivery of food and other items ordered directly from a restaurant considered to be "mandatory fees or charges," such that those fees would need to be included in the advertised or displayed price of the food and other items?

No, fees for the delivery of food ordered directly from a restaurant do not need to be included in the advertised price of the food or other items ordered because those fees are for the separate service of delivery. The price of delivery must be the full, all-in price of the delivery service.

## Can a business exclude from the advertised or listed price mandatory charges that will be used to pay business costs, such as security, rent, or salary, healthcare insurance or benefits to employees (e.g., "Healthy SF mandate")?

No. The listed or advertised price must include all mandatory charges except for reasonable shipping costs for physical goods and taxes and/or fees that the government imposes on the transaction, such as sales tax. A business is free to provide a subsequent breakdown of the business's intended use of the various fees.

## What about tips or gratuities left voluntarily by customers?

This law does not affect tips or gratuities left by customers, since they are not mandatory. These voluntary payments to workers are governed by other laws, including Labor Code section 350. For more information see this FAQ from the California Labor Commissioner.

## What about mandatory fees charged by restaurants?

If a restaurant charges a mandatory fee, it must be included in the displayed price. Under the law, a restaurant cannot charge an additional surcharge on top of the price listed. Gratuity payments that are not voluntary must be included in the list price.

## Does DOJ expect that its initial enforcement of this law will focus on existing fees that are paid directly and entirely by a restaurant to its workers, such as an automatic gratuity?

No. There are many factors that we consider when making enforcement decisions, but we do not expect that our initial enforcement efforts will focus on existing fees that are paid directly and entirely by a restaurant to its workers, such as an automatic gratuity. However, businesses may be liable in private actions.

## Does a business that offers discounts or coupons, or charges a customer less than the advertised or listed price, violate this law?

No. A business that offers discounts or otherwise charges a customer a price that is less than the advertised price has not violated this law. The law just prohibits advertising a price that is *less* than what the customer will have to pay for a good or service.

## Can businesses still advertise discounts – for example, "half price after 4pm"?

Yes. SB 478 prohibits advertising a price that is less than what a consumer will have to pay for a good or service. Advertisements that mention discounts – but that do not list a price – do not violate the law. However, other California laws prohibit advertising that is false or misleading, so businesses that advertise discounts must do so carefully and honestly.

## Is the resale of goods, such as event tickets, on an online platform subject to the law?

Yes. SB 478 prohibits advertising a price that is less than what a consumer will have to pay for a good or service. It applies equally to online and brick-and-mortar businesses, as well as to the resale of event tickets and other goods and services.

## Isn't it helpful for a business to inform consumers about the components of a price, such as by noting why price increases have been implemented?

Businesses are free to explain how they set their prices or to subsequently itemize the charges that make up the total price that they charge customers. However, the price they advertise or display must be the total price that customers will have to pay for the good or service. Knowing the price of a good of service is essential to competition, and displaying a price that is less than what the customer will actually be charged is deceptive.

# Exhibit B

**HAINES LAW GROUP, APC**
Paul K. Haines (SBN 248226)
phaines@haineslawgroup.com
2155 Campus Drive, Suite 180
El Segundo, California 90245
Tel: (424) 292-2350
Fax: (424) 292-2355

**DAY BRYNE & MCINTOSH**
Jack Day (SBN 324516)
jack@dbm.law
Calvin Bryne (SBN 322272)
calvin@dbm.law
129 W. Wilson Street, Suite 105
Costa Mesa, CA 92627
Tel.: (949) 650-2827
Fax: (949) 722-1137

*Attorneys for Plaintiff*
*Blake Davila*

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN DIEGO**

| | |
|---|---|
| BLAKE DAVILA, as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BHI RESIDENTIAL LONG TERM CORPORATION, d/b/a SENTRAL, a Delaware corporation; and Does 1 through 20, inclusive,<br><br>Defendants. | Case No.:<br><br>**DECLARATION OF BLAKE DAVILA** |

I, Blake Davila, hereby declare and state as follows:

1. I am over the age of 18 and a Plaintiff in this action. The facts contained in this declaration are based on my personal knowledge, and if called upon to do so, I could and would testify competently hereto.

2. The complaint in this action, filed concurrently with this declaration, is filed in the proper place for trial under California Civil Code §1780(d) because this is a county in which Defendants do business. Specifically, Defendants' property that Plaintiff stayed at is located in San Diego County.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 30, 2025, in Los Angeles, California.

Blake Davila

Blake Davila, Plaintiff